# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CAITLYN TAYLOR, et al. | ) CASE NO. 3:23-cv-00973--JJH |
| Plaintiffs, | ) JUDGE JEFFREY J. HELMICK |
| v. | ) |
| | ) **DEFENDANT SYLVANIA TOWNSHIP** |
| SYLVANIA TOWNSHIP POLICE | ) **POLICE DEPARTMENT FRCP 12(b)(2)** |
| DEPARTMENT, et al. | ) **MOTION TO DISMISS FOR WANT OF** |
| | ) **PERSONAL JURISDICTION** |
| Defendants. | |

Now comes Defendant Sylvania Township Police Department who, pursuant to Federal Civil Rule 12(b)(2), hereby move for dismissal of Plaintiffs' Complaint against this moving Defendant for lack of personal jurisdiction on the ground that it is *non sui juris*, and, therefore, entitled to judgment as a matter of law. A Memorandum in Support is attached hereto and incorporated herein by reference.

Respectfully submitted,

*/s/ John D. Latchney*
John D. Latchney (0046539)
Hanna, Campbell & Powell, LLP
3737 Embassy Parkway, Suite 100
Akron, OH  44333
T: (330) 670-7602; F: (330) 670-7458
Email:     jlatchney@hcplaw.net

*Attorney for Defendant Sylvania Township
    Police Department*

**MEMORANDUM IN SUPPORT**

**ALL CLAIMS AGAINST DEFENDANT SYLVANIA TOWNSHIP POLICE DEPARTMENT MUST BE DISMISSED AS A MATTER OF LAW BECAUSE IT IS *NON SUI JURIS***

It is well established that all parties in a lawsuit must be legal entities with the capacity to be sued. *Patterson v. V&M Auto Body* (1992), 63 Ohio St.3d 573, 574; *Piispanen v. Carter* (11th Dist.), 2006-Ohio-2382, ¶22, fn. 2; *Sims v. Saint Peter Roman Catholic Church & Par.* (7th Dist. Sept. 24, 1993), No. 92-J-35, 1993 WL 373856, at *2. If the defendant is not an actual or legal entity, then any judgment rendered against the defendant is void. *Patterson* at 576, citing *Cobble v. Farmer's Bank* (1900), 63 Ohio St. 528; *Maxim Ents., Inc. v. Haley* (9th Dist.), 2013-Ohio-3348, ¶15; *Mollette v. Portsmouth City Council* (4th Dist. 2006), 169 Ohio App.3d 557, 566. A judgment which is issued where the trial court lacks personal jurisdiction of a necessary party to the action is a nullity and *void ab initio*. *Fisher v. Fisher* (10th Dist.), 2002-Ohio-3086, ¶33; *Hamad v. Hamad* (10th Dist.), 2013-Ohio-2212, ¶29; *Cincinnati Sch. Dist. Bd. of Educ. v. Hamilton Cty. Bd. of Revision* (2000), 87 Ohio St.3d 363, 366, citing *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61, 64 (A judgment rendered without personal jurisdiction is *void ab initio*); *Clark v. Marc Glassman, Inc.* (8th Dist.), 2003-Ohio-4660, ¶17.

Departments of a municipal corporation are *non sui juris*. *Parmelee v. Schnader* (7th Dist.), 2018-Ohio-707, ¶39, citing *Cooper v. Youngstown* (7th Dist.), No. 15 MA 0029, 2016-Ohio-7184, ¶26 ("[a] city police department is not *sui juris*; the real party in interest is the city itself."); *Cuyahoga Falls v. Robart* (1991), 58 Ohio St.3d 1, 6, 567 N.E.2d 987 (a city council, absent statutory authority, is *not sui juris*); *Friga v. City of E. Cleveland* (8th Dist.), 2007 Ohio 1716, ¶9, fn. 3 ("As a department of the city of East Cleveland, the police department is not *sui juris* and cannot be sued as a separate entity. It is subsumed within any judgment relating to the

1

city."); *Burgess v. Doe* (12th Dist. 1996), 116 Ohio App.3d 61, 64, 686 N.E.2d 1141; *Fields v. Dailey* (10th Dist. 1990), 68 Ohio App.3d 33, 35, 587 N.E.2d 400; *Richardson v. Grady* (8th Dist. Dec. 18, 2000), No. 77381, 2000 WL 1847588, at *2.

Federal courts, applying Ohio case law, have applied the foregoing legal principles on a routine basis. *Petty v. County of Franklin,* Ohio, 478 F.3d 341 (6th Cir. 2007)(Franklin County Sheriff's Office not *sui juris*); *Schuler v. Village of Newcomerstown*, 2017 WL 1199170 (N.D.Ohio 2017)(Newcomerstown Police Department is not *sui juris*); *Hill v. Alliance Police Department*, 2017 WL 89346 (N.D.Ohio 2017)(Alliance Police Department is not *sui juris*); *Stewart v. Neil*, 2017 WL 1230468 (S.D.Ohio 2017)(Hamilton County Sheriff's Office not *sui juris*); *Leavell v. City of Sandusky*, 2016 WL 5076083 (N.D.Ohio 2016)(Sandusky Police Department not *sui juris*); *Fisk v. Dayton Police Department*, 2016 WL 3458215 (S.D.Ohio 2016)(Dayton Police Department is not *sui juris*); *Greenlee v. City of Cleveland*, No. 1:03 CV 2410, 2005 WL 2249920, at *7 (N.D.Ohio Sept. 15, 2005), citing *Edmunds v. Dillin*, 485 F.Supp. 722, 724 (N.D.Ohio 1980). "It is well-established that police departments `are not *sui juris* and, therefore, cannot sue or be sued. They are merely sub-units of the municipalities they serve.'" *Lathan v. City of Cleveland*, 2012 WL 1708762 (N.D.Ohio May 15, 2012), citing *Deir v. Lake County*, 2012 WL 1142467 (N.D.Ohio April 4, 2012); *Papp v. Snyder*, 81 F.Supp.2d 852, 857, fn. 4 (N.D.Ohio 2000)(same); *Yahnke v. Nixon*, 2010 WL 3420650 at *1 (N.D.Ohio, Aug. 27, 2010)("[a] county sheriff's office is not a legal entity capable of being sued for purposes of § 1983."); *Pariscoff v. Columbus City Police Dep't*, No. 2:14-CV-00855, 2015 WL 1476651, at *2 (S.D.Ohio Mar. 31, 2015), *aff'd* (Feb. 11, 2016)(the CPD is *non sui juris* and is not subject to suit as it is a subdivision of the City of Columbus); *Jones v. Marcum*, 197 F.Supp.2d 991, 997 (S.D.Ohio 2002)(police department was not *sui juris* under Ohio law).

2

## **CONCLUSION**

Defendant Sylvania Township Police Department, which is *non sui juris*, is entitled to judgment as a matter of law on Plaintiffs' entire Complaint. Accordingly, the Complaint against this moving Defendant should, and must, be dismissed.

Respectfully submitted,

*/s/ **John D. Latchney***
John D. Latchney (0046539)
Hanna, Campbell & Powell, LLP
3737 Embassy Parkway, Suite 100
Akron, OH 44333
T: (330) 670-7602; F: (330) 670-7458
Email: jlatchney@hcplaw.net

*Attorney for Defendant Sylvania Township
 Police Department*